IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MAGDALENA MEJIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO:  24-1316 |
| v. | ) | |
| | ) | [Removed from the Circuit Court for |
| WALMART INC., d/b/a WALMART | ) | the Tenth Judicial Circuit, Peoria |
| SUPERCENTER #3460 | ) | County, Illinois, Law No. 24-LA-157] |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, WALMART INC. (improperly named as "WALMART, INC. d/b/a Walmart Supercenter Store #3460"), pursuant to 28 U.S.C. §§1332(a), 1441, and 1446, hereby remove this action to the United States District Court for the Central District of Illinois, Peoria Division. In support of this Notice, Defendant states as follows:

1. On July 29, 2024, Plaintiff filed her Complaint against Defendant Walmart Inc. (improperly named as "WALMART, INC. d/b/a Walmart Supercenter Store #3460"), and in the Circuit Court of Peoria County, Illinois, seeking damages for personal injuries arising out of a slip-and-fall incident occurring at a Walmart store in Peoria, Illinois on August 31, 2022. *See* **Exhibit A**.

2. On August 1, 2024, Defendant Walmart Inc. (improperly named as "WALMART, INC. d/b/a Walmart Supercenter Store #3460"), was served with the Complaint in this action. *See* **Exhibit B**.

36361-50

## Subject Matter Jurisdiction

3. This Court possesses subject matter jurisdiction over this action because the matter presents a dispute between citizens of different states, and the amount in controversy is greater than $75,000.00. *See,* 28 U.S.C. §1332(a). In Illinois, state law prohibits a demand for a specific sum. *See*, 28 U.S.C. §1446(c)(2)(A)(ii).

4. Complete diversity of citizenship exists between the parties.

    (a) Plaintiff, MAGDALENA MEJIA, is a citizen of Illinois. *See* **Exhibit A**.

    (b) Defendant, Walmart Inc. (improperly named as "WALMART, INC. d/b/a Walmart Supercenter Store #3460") is a Delaware corporation with its principal place of business in Bentonville, Arkansas. *See* **Exhibit C**. Walmart Inc. is therefore a citizen of Delaware and Arkansas.

    (c) Because the Plaintiff is a citizen of a different state than the Defendant, Walmart Inc., the parties meet the geographical requirements for diversity jurisdiction in this Court. *See,* 28 U.S.C. §1332(a).

5. Based on the nature of the alleged injury Plaintiff will seek an amount in excess of $75,000.00; thus this Court possesses subject matter jurisdiction over this action. *See,* 28 U.S.C. §1332(a). The Complaint alleges that the Plaintiff has "suffered serious and permanent bodily injuries that caused Plaintiff to suffer pain, discomfort, and mental anguish and are reasonably certain to cause Plaintiff to suffer pain, discomfort, and mental anguish in the future[,]" was "disfigured and disabled and is reasonably certain to be disfigured and disabled in the future[,]" has "lost a normal life and is reasonably certain to experience the loss of normal life in the future[,]" has "lost and will lose sums of money which she could otherwise have received as wages and

36361-50

earnings[,]" has "incurred medical, nursing, and hospital expenses and is reasonably certain to incur medical, nursing, and hospital expenses in the future[,]" has "been restricted in her usual activities and affairs and is reasonably certain to be restricted in her usual activities and affairs in the future[,]" and has "sustained permanent injury and disability." *See* **Exhibit A**, Count I, ¶¶ 19-25.

6. If the plaintiff, as "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). In fact, "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

7. A good faith assessment of the Complaint here reveals that the amount in controversy exceeds $75,000.00. Plaintiff has alleged "serious and permanent injuries" resulting from a slip-and-fall incident, resulting in disability, pain and suffering, past and future medical expenses, and loss of income. *See* **Exhibit A**. Under such allegations, the amount in controversy is satisfied for removal. See, e.g., *Vance v. Hill,* 2019 U.S. Dist. LEXIS 36548, at *4-5 (C.D. Ill. 2019) (jurisdictional amount was satisfied where the plaintiff alleged severe and permanent injuries and associated medical costs arising from a traffic accident); *Beckum v. Dierbergs Edwardsville LLC*, 2015 U.S. Dist. LEXIS 67775, at *1 (S.D. Ill. 2015) (jurisdictional amount satisfied where plaintiff alleged bodily injuries, pain and medical expenses).

8. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Plaintiff is the citizen of a state different from that of Walmart Inc.

36361-50

## Timeliness of Removal

9. Defendants file this Notice within thirty (30) days of service of the Complaint. *See* **Exhibit B**. Accordingly, this Notice of Removal is timely brought before this Court. *See,* 28 U.S.C. §1446(b).

## Venue and Other Matters

10. Because this action was originally filed in the Circuit Court of Peoria County, Illinois, the action is properly removable to the United States District Court for the Central District of Illinois, Peoria Division. *See,* 28 U.S.C. §1441(a); 28 U.S.C. §92(a)(1).

11. A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Peoria County, instructing that no further proceedings shall be had until such time as this matter is remanded from this Court.

12. A true and correct copy of the pleading which demonstrates that this matter is removable is attached hereto as **Exhibit A**. *See,* 28 U.S.C. §1446(b).

WHEREFORE, Defendant Walmart Inc. (improperly named as "WALMART, INC. d/b/a Walmart Supercenter Store #3460") requests that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Circuit Court of Peoria County regarding the action be stayed. Defendant further demands that the trial of this matter in federal court be heard by a jury.

 WALMART INC. (improperly named as "WALMART, INC.
 d/b/a Walmart Supercenter Store #3460"), Defendant

 /s/ **Brittany P. Warren**
 BY:_____
 HEYL, ROYSTER, VOELKER & ALLEN, P.C.
 Brittany P. Warren, #6325934

36361-50

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bwarren@heylroyster.com

## CERTIFICATE OF SERVICE

I hereby certify that on **September 3, 2024**, I electronically filed the foregoing **DEFENDANT'S NOTICE OF REMOVAL,** with the Clerk of the Court using the CM/ECF system, which will send notification to:

James P. LeFante – jlefante@lefantelaw.com
Shane M. Mahoney – smahoney@lefantelaw.com
service@lefrantelaw.com
LEFANTE LAW OFFICES, P.C.
**Attorneys for Plaintiff**

/s/ ***Brittany P. Warren***

HEYL, ROYSTER, VOELKER & ALLEN, P.C.